UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Amador Santonio,

                Petitioner,     Case No. 24-cv-12275

v.                                    Judith E. Levy
                                    United States District Judge

Shauna N. Murphy and Brittany
Goodman,                      Mag. Judge Curtis Ivy, Jr.

                Respondents.

_____/

## OPINION AND ORDER DISMISSING CASE WITHOUT PREJUDICE FOR FAILURE TO CORRECT DEFICIENCY

Amador Santonio is a pretrial detainee presently confined at the Livingston County Jail.[1] Petitioner's initial pleading was docketed on September 3, 2024. (ECF No. 1.) On September 9, Judge David R. Grand issued an order directing Petitioner to submit by September 30, 2024, either the $5.00 filing fee or an application to proceed *in forma pauperis*. (ECF No. 3.) Petitioner filed an "amended complaint" on September 19, 2024. (ECF No. 4.) To this date, Petitioner has not

---

[1] Petitioner lists his last known address as 150 S. Highlander Way, Howell, Michigan 48843. (ECF No. 1, PageID.3; ECF No. 4, PageID.10.) This is the address of the Livingston County Jail.

submitted the $5.00 filing fee nor an application to proceed *in forma pauperis.*

At the onset, the Court notes that it is somewhat unclear whether Petitioner originally sought to bring a civil complaint for injunctive relief, a petition for writ of habeas corpus, or a hybrid action. He asserts that Respondents violated his speedy trial rights by scheduling a competency hearing in the Livingston County District Court. (ECF Nos. 1, 4.) He requests that the Court find him competent, order recusal of Judge Murphy, and direct the State to fire his present attorney. (ECF No. 4, PageID.9.) Given the case caption, nature of the claim, and the type of relief sought by Petitioner, the Court construes his pleading as a petition for writ of habeas corpus under 28 U.S.C. § 2241, rather than a civil rights complaint brought under 42 U.S.C. § 1983.[2] At this time,

---

[2] Petitioner titles his pleading as a "Complaint" brought under 42 U.S.C. §§ 1983 and 1985, and 28 U.S.C. §§ 1331 and 1342(a)(3). (ECF Nos. 1, 4.) However, he refers to himself as the Petitioner. He also names Respondents, rather than defendants. Although his pleading is unclear, Santonio challenges his custody and his pending criminal case in the Livingston County Circuit Court. He seeks this Court's intervention in his state criminal proceedings. Therefore, the Court determines it is appropriate to recharacterize his filing as a petition for purposes of assessing the appropriate filing fee and *in forma pauperis* application. *See Castro v. United States*, 540 U.S. 375, 381 (2003) ("Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category.") The Court further notes that recharacterization of the complaint to a habeas petition will not prejudice Petitioner

2

Santonio's petition is subject to dismissal because he failed to comply with the order of deficiency by either submitting the $5.00 filing fee or an application to proceed *in forma pauperis*.

If a prisoner who seeks habeas corpus relief does not comply with a district court's directions in a deficiency order, regarding the prisoner's failure to pay the full filing fee and his failure to provide the required documentation to apply to proceed *in forma pauperis*, "'the district court must presume that the prisoner is not a pauper,' assess the full filing fee, and dismiss the case for want of prosecution." *Gravitt v. Tyszkiewicz*, 14 F. App'x 348, 349 (6th Cir. 2001) (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997)).

On September 9, 2024, Judge David R. Grand issued an order of deficiency in this case. (ECF No. 3.) The deficiency order clearly stated that Petitioner was required to submit either the $5.00 filing fee or an application to proceed *in forma pauperis*. The deficiency order also expressly warned him that failure to comply with the Court's instructions would result in the dismissal of his action. Petitioner was

---

because the case is subject to dismissal for failure to cure a filing deficiency and will not be decided on the merits. The result would be the same if construed as a civil rights action.

3

required to comply with the deficiency order by September 30, 2024. To date, he has not.

Therefore, Petitioner's action is DISMISSED WITHOUT PREJUDICE. It is further ordered that an appeal from this decision would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3). Accordingly, a certificate of appealability, 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b), and leave to appeal *in forma pauperis*, 28 U.S.C. § 1915(a)(3), are DENIED.

IT IS SO ORDERED.

Dated: November 5, 2024      s/Judith E. Levy
Ann Arbor, Michigan     JUDITH E. LEVY
    United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 5, 2024.

    s/William Barkholz
    WILLIAM BARKHOLZ
    Case Manager